UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------X

FRANCES LAGANA RAGUSA,

        Plaintiff,

    -against-

JO ANNE BARNHART,
COMMISSIONER OF SOCIAL SECURITY,

        Defendant.

---------------------------------------------------------X

04-CV-1558 (ERK)

**MEMORANDUM & ORDER**

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT, E.D.N.Y.

★ DEC 19 2005 ★

BROOKLYN OFFICE

KORMAN, Chief Judge.

    Plaintiff, Frances Lagana Ragusa, seeks reversal of both the Commissioner's decision finding that she had not demonstrated any basis for reopening her unfavorable Supplemental Security Income ("SSI") waiver determination, and the Commissioner's decision that the Social Security Administration ("SSA") had properly applied an underpayment of SSI benefits to an overpayment of SSI benefits pursuant to 20 C.F.R. § 416.543. The Commissioner has moved for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c).

## BACKGROUND

    Plaintiff is a 69-year-old woman with a college degree. (Tr. 201-202). In 1986, Plaintiff applied for SSI benefits, which was ultimately granted due to disability caused by fibromyalgia. (Tr. 33-34, 203). Between 1992 and 1994, plaintiff resumed employment, but did not inform the SSA

1

and continued to receive SSI. (Tr. 33-34 . . . . . SA discovered that plaintiff had been employed, it determined that plaintiff ov . . . . erpaid benefits. (Tr. 142).

On April 29, 1996, plaintiff filed . . . . . of recovery of overpaid benefits. (Tr. 129 I). She claimed that her employer t . . . . ot need to inform the SSA of her job because her employer would repay the . . . . en receiving. (Tr. 42-43). The SSA denied plaintiff's request for waiver on . . . . 87). The SSA sent plaintiff a letter explaining that the SSA would withho . . . . er monthly SSI check to recoup the overpayment pursuant to 20 C.F.R § 41 . . . . The letter also informed plaintiff that she had 60 days to file an appeal. (Id.) . . . . ff filed a request for reconsideration, which was denied on September 7, 1996 . . . . December 16, 1996, plaintiff filed a second request for reconsideration, this t . . . . est on the fact that she was recovering from surgery and faced considerable ex . . . . The SSA apparently took this second request as an appeal of the denial of reco . . . . on December 19, 1996, the SSA sent plaintiff a letter explaining that she was " . . . . rights concerning waiver denials," and returned the reconsideration request. (T . . . .

On December 30, 1996, plaintiff . . . . nge the monthly repayment rate from ten percent of her SSI to $25. (Tr. 184-8 . . . . d this request in January, 1997. (Tr. 129E). On March 27, 1998, the SSA info . . . . er SSI claim had again been reviewed pursuant to Dixon v. Shalala, 54 F.3d 101 . . . . 68). As a result, the SSA determined that plaintiff was owed an underpaymer . . . . 1,757 for benefits that should have accrued from April 1983 through August . . . . A told plaintiff that she would receive two checks to compensate her for the u . . . . wever, on May 1, 1998, the SSA

informed plaintiff that she would not receive these checks because the SSA decided to use the underpayment debt to offset the overpayment plaintiff owed the SSA. (Tr. 74). The application of the underpayment to the overpayment left an overpayment debt of $298.90. (Id.).

On April 17, 1998, plaintiff filed a request for reconsideration to challenge the SSA's decision to offset the overpayment with the underpayment. (Tr. 77-81). The SSA denied this request by letter dated May 5, 1998. (Tr. 77). The letter also advised plaintiff that she had 60 days to file an appeal. (Id.). On May 8, 1998, plaintiff filed a request for a hearing before an Administrative Law Judge ("ALJ"). (Tr. 82-84). A hearing before an ALJ was held on August 27, 1998, at which plaintiff appeared pro se and testified. (Tr. 23-52). On September 16, 1998, the ALJ issued a decision finding that there was no basis for a waiver of recovery of the overpayment. (Tr. 12-13). The ALJ also determined that, pursuant to the SSI regulations, the offset was appropriate. (Id.). The ALJ's decision became final when the Appeals Council denied plaintiff's request for review on May 25, 1999. (Tr. 3-5). The ALJ had also found erroneously that the "claimant never filed for waiver of recovery of the overpayment." This error does not affect the outcome in this case because the plaintiff failed to file a timely appeal after the denial of her request for reconsideration of the denial of her request for waiver.

Plaintiff then commenced a civil action in the Eastern District of New York, and on February 8, 2000, Judge Sifton remanded the case to the Commissioner for further proceedings "pursuant to sentence four of 42 U.S.C. § 405(g)," after the parties stipulated to a remand. (Tr. 132-34). The Appeals Council remanded the case in May, 2000 to determine "whether res judicata applies with regard to the [SSA's] determination on the waiver-of-recovery issue" and "whether there is any basis for reopening such determination." (Tr. 136-37).

On February 26, 2001, the ALJ issued a decision based on the existing record, without conducting another hearing. (Tr. 142-47). He concluded that there was no basis for reopening the Commissioner's unfavorable determination on plaintiff's request for waiver of recovery. (Tr. 146). The ALJ found that res judicata applied to the denial of plaintiff's waiver request. (Id.). The ALJ also concluded that the offset was appropriate. (Id.). On November 9, 2001, the Appeals Council again remanded the case, directing the ALJ to conduct another hearing. (Tr. 149-51). This hearing was held on October 17, 2002, before another ALJ. (Tr. 197-224). Plaintiff again appeared pro se and testified. (Id.)

The ALJ considered the case de novo. (Tr. 129H-31). On January 10, 2003, the ALJ issued a decision concluding that since plaintiff had failed to timely request a hearing to appeal the SSA's September 7, 1996 denial of plaintiff's request for reconsideration of the denial of her request for waiver, the SSA's denial of her request for waiver was subject to res judicata. (Id.). The ALJ also concluded that there was no basis for reopening the denial decision. (Id.). Finally, the ALJ determined that the offset was appropriate under 20 C.F.R. § 416.543 because there had been no waiver of the overpayment. (Tr. 131). This decision became final on February 17, 2004, when the Appeals Council declined jurisdiction. (Tr. 129A-129C). On April 14, 2004, plaintiff commenced the instant action.

## DISCUSSION

### 1. Waiver of the Overpayment

Waiver of recovery of an overpayment of SSI may be granted when "[t]he overpaid individual was without fault in connection with the overpayment" and "recovery of such

overpayment would either: (1) Defeat the purpose of title XVI, or (2) Be against equity and good conscience, or (3) Impede efficient or effective administration of title XVI due to the small amount involved." 20 C.F.R. § 416.550. An individual is considered at fault if the overpayment results from "[f]ailure to furnish information which the individual knew or should have known was material." Here, the overpayment to plaintiff resulted from her decision to work, combined with her failure to notify the SSA of her employment. Presumably, this is why the SSA denied plaintiff's request for waiver.

This consideration aside, the Commissioner correctly decided the waiver issue because plaintiff failed to timely exercise her appeal rights. Plaintiff's second request for reconsideration was not only untimely, but was also the wrong method of appeal; she should have requested a hearing before an ALJ within the 60-day allotted time period. 20 C.F.R. §§ 416.1407, 416.1433. Further, while it is true that a claimant can request an extension of the 60-day time period by demonstrating "good cause," (20 C.F.R. §416.1433(c)), the record does not reveal any attempt by plaintiff to do so. Plaintiff instead filed a request to reduce the amount of the repayment, which was granted. Plaintiff did not attempt to challenge the overpayment again until over one year later, after receiving news of the underpayment. Plaintiff's failure to exercise a timely appeal from the SSA's denial of her request for reconsideration turned the agency's initial determination into its final adjudication of her claim. See 20 C.F.R. §§ 416.1405; 416.1421; Thompson v. Richardson, 452 F.2d 911, 913 (2d Cir. 1971). The ALJ properly concluded that the doctrine of res judicata, which applies to administrative proceedings, precludes either reversing or remanding on the issue of the overpayment waiver. See generally, 2 Kenneth Culp Davis & Richard J. Pierce, Administrative Law Treatise 251-52 (3d ed. 1994) (citing McGowen v. Harris, 666 F.2d 60 (4th Cir. 1981)).

5

I also note that I am barred from considering the ALJ's denial of plaintiff's request to reopen the SSA's determination on the overpayment waiver – a request which plaintiff made when she challenged the SSA's offset decision. "Administrative actions that are not initial determinations," such as the "[d]enial of a request to reopen a determination," are "not subject to judicial review." 20 C.F.R. § 416.1403(a)(5).

## 2. The Offset

The Code of Federal Regulations provides that:

> We apply any underpayment due an individual to reduce any overpayment to that individual that we determine to exist ... for a different period, unless we have waived recovery of the overpayment under the provisions of §§ 416.550 through 416.556.

20 C.F.R. § 416.543. Here, the overpayment accrued between 1992 and 1994, while the underpayment accrued between 1983 and 1986. Since there was no waiver of the overpayment, the decision to offset was entirely appropriate. As such, the Commissioner's decision that the SSA had properly applied the underpayment to the overpayment is affirmed.

## CONCLUSION

The Commissioner's decisions are affirmed.

SO ORDERED:

s/Edward R. Korman
Edward R. Korman
United States District Judge

Dated: June 21, 2005
Brooklyn, New York

6